Scribner, J.
(orally).
John Daiber, the defendant in error, on the 8th day of-October, 1894, brought an action against H. O. Vandal, the plaintiff in error, before a justice of the peace of Port Lawrence township, Lucas county. His action was based upon an account, amounting with interest to $52.50. At the time of the commencement of his action he filed an affidavit for an attachment, in which he stated, after making the usual averments, “that the property to be attached is not exempt from execution, and is the personal earnings of the defendant for services rendered by him within three months prior to the commencement of this action,but that said earnings so earned amount to more than $150, and only the excess over that sum is sought to be attached; that the obligation herein sued on was contracted in Lucas county, Ohio.” And after making oath that the defendant is a non-resident of Lucas county, he says: “I further say, on my oath aforesaid, that I have good reason to and do believe that the Lake Shore & Michigan Southern Railway Company is indebted to said defendant, and has property, moneys and rights in action, of the said defendant, in its possession or under its control, subject to be attached in this action.” Process was issued in the case. The summons was returned not served, as the defendant was not liivng within the jurisdiction of the court; and as to the attachment process,the officer made this return:
“Received this writ October 8, 1894, and by virtue of its order I could not come at the property alleged to be in pos *357 session of the Lake Shore & Michigan Southern Railway-Company, garnishee; and same day, at four o’clock P. M., I served the Lake Shore & Michigan Southern Railway Company by delivering to A. P. Carter, Chief Clerk at Toledo for said company, a true copy of this order and writ, and a written notice to appear and answer, etc., a copy of which notice is hereto attached. Defendant not served; not found in my jurisdiction.”
The record does not show that the garnishee, the railway company, ever appeared and answered in the case. It seems to have entirely disregarded the process of garnishment which had been issued and served upon is chief clerk in the manner above stated. But it is quite doubtful whether this return of the officer shows a proper or sufficient service upon the company. The defendant, however, filed a motion to discharge the attachment, insisting that the allegations contained in the affidavit as to the grounds for the same were untrue; also, that the defendant was a married man; that lie was the support of a family, depending solely on his personal wages and earnings; that his personal earnings within three months prior to the commencement of this action were necessary for the support of defendant’s family, and that the earnings herein attached were so necessary. He filed several affidavits in support of this claim,in one of which his wife joined, alleging that the monies attached were the personal earnings of the defendant,“and were necessary for the support of the defendant’s family. ” He demanded in due form that these earnings be set up to him as exempt from attachment.
On October 20, 1894,this motion to discharge the attachment, especially so far as it concerned his personal earnings earned within three months next prior to the commencement of the action, was heard. The affidavits were submitted to the justice of the peace, and considered by him. He overruled the motion to dismiss the attachment, except as to all earnings accrued within the three months next prior to the *358 commencement of the action that were in excess of $150. The justice adjudged: “And the garnishee is hereby ordered to pay into court such amount of the wages of defendant now due as may be in excess of $150 earned during the three months next preceding the time of the issuing of the attachment herein.” To which ruling the defendant excepted, and- took and filed his bill of exceptions.
The defendant below subsequently filed in the court of common pleas his petition in error to reverse this order of the justice of the peace overruling his motion to dismiss the attachment. Upon that petition in error,the order and judgment of the justice of the peace was affirmed, the court holding that no error appeared in the record of the proceedings before the justice of the peace. To reverse the judgment of the court of common pleas affirming the judgment of the justice, and also for the purpose of reversing the judgment of the justice of the peace overruling his motion, this petition in error is filed.
As I have already stated, it nowhere appears in the record of the justice of the peace, except in so far as it is averred in the affidavits of the plaintiff and defendant below and his wife, that the garnishee,the Lake Shore & Michigan Southern Railway Company, was indebted in any sum to the plaintiff in error here, the defendant below. The affidavit of the creditor, as I before read, states “That the property about to be attached is not exempt from execution, and is the personal earnings of the defendant for services rendered by him within three months prior to the commencement of this action, but that said earnings so earned amount to more than $150.” The plaintiff below therefore directly avers and swears that the garnishee, the railway company, was then indebted to the defendant in the proceeding in more than $150, and that the amount for which the company was so indebted was for the personal earnings of the defendant, but that the plaintiff in the proceeding seeks only to reach such *359 sum as shall be in excess of $150. It is not stated, however, what such excess is. There is no finding by the justice of the peace as to how much there is due from the garnishee, or whether there is anything due; but the justice says that he sustains the attachment as to whatever excess beyond the $150 of the earnibgs of the defendant there may be in the hands of the railway company. But as the company fails to answer, and really seems to pay no attention to the proceeding, and as it is questionable whether the return of the officer shows that it was properly served with garnishee process, we have really nothing definite nor certain showing that there is any exact amount due from the company to the defendant in the action. As the case stands, there is a judgment of the justice of the peace overruling the motion to dismiss the attachment as to the amount of earnings that may be in the hands of the company beyond the sum of $150. So that,if in fact it shall thereafter be found that the debtor has any money in the hands of the railway company in excess of $150, „it would seem to be effectually tied up by this proceeding.
It is insisted that upon this state of the record the judgment of the justice of the peace reaches nothing, affects nothing, and binds nothing. It is true that the garnishee has not answered; but suppose that it should waive the defect in the serivce of the garnishee process, and answer and deny that there is any sum whatever due the alleged debtor or defendant in this porceeding ? Such an answer or denial' on the part of the garnishee would not preclude the creditor from proceeding in the action against the debtor and recovering judgment therein, and then bringing suit directly against the garnishee, alleging that notwithstanding its denial in the attachment proceeding that there was anything due from it, in point of fact that there was something due. In such action brought by the creditor against the garnishee, after having recovered his verdict against the debtor, *360 if he could establish that the garnishee was in fact indebted to the debtor at the time his proceedings were instituted, he would be entitled to maintain his action and enforce his claim against the garnishee to the extent of his recovery, under the statute in force at that time. These provisions are found in section 5430,Rev. Stat., subdivision 6 of which provides:
“The personal earnings of the debtor, and the personal earnings of his or her minor child, or children, for three months, when it is made to appear, by the affidavit of the debtor, or otherwise, that such earnings are necessary for 'the support of such debtor, or of his or her family; and such period of three months shall date from the time of issuing any attachment or other process, the rendition of any judgment or the making of any order, under which the attempt may be made to subject such earnings to the payment of a debt.” Shall be exempt from execution, attachment or sale, for any debt, etc.
By section 5433, Rev. Stat., it is provided:
‘ ‘ The provisions contained in this subdivision with respect to exemptions shall apply to all courts in this state, including justice of the peace and mayors’ courts, so that a person shall be entitled to all the exemptions in any case or proceeding or before any court or officer that he may be entitled to in any other case or proceeding, or before any other court or officer. ”
There is contained in vol. 88 of the statutes, at page 278, paragraph 9, an amendment of sec. 6489 relating to exemptions, providing as follows:
■ “* * * and no attachment shall issue by virtue of this chapter against the personal earnings of the defendant for services rendered by such defendant within three months before the commencement of the action or the issuing of the attachment, unless the defendant is not the head or support of a family, or unless the amount of such earnings exceeds one hundred and fifty dollars ($150), and then only as to the excess over the amount.”
*361 This exemption limitation to the right to withhold $150 is .found only in the justice’s act, and it will be observed that it applies only where the defendant is the head or support of .a family; that is to say, if the defendant is the head or support of a family, he may have the exemption, but this exemption is limited to $150; whereas, in the general statute which I have read, the provision relates to personal earnings that are necessary to the support of such debtor or his family. Where that is the case; where it appears by a proper showing that the personal earnings of the debtor are necessary to his support and to the support,of his or her family, the entire earnings for the period of three months are exempt; whereas, the provisions of the justice’s act, protecting earnings to the extent of $150, applies to the case where the debtor is the head or support of a family, and if he be the head or support of a family, he is entitled to the $150 -exemptions, whether the same is alleged to be necessary to the support of his family or not. Where, under the other ■provision, it is found that the earnings are necessary for the .support of the family, then the statute exempts all his earnings for the three months prior to the commencement of the .action, whether they be more or less than $150.
The plaintiff in error, defendant below, makes out a clear • case for the application of the provisions of sections 5430, and 5433, and if it appears in the record that there were earnings in the hands of the Lake Shore Company, sought to be held by virtue of the garnishee proceedings against the Lake Shore Company in this action, then, under the affidavits which the debtor and his wife have made, he is entitled to^have exempt from the attachment proceeding the entire ..amount of his earnings made during the three months prior to the commencement of the proceedings. Does the fact that it does not affirmatively appear in the record that there is any specific amount of earnings in the hands of the company, deprive him of the right to have the attachment dis *362 missed as to the earnings alleged in the affidavits of the plaintiff and defendant to be in the hands of the company? If any earnings have so accrued, he is entitled to the protection of the statute; if no earnings have accrued, and if none are in the hands of the company, the garnishee, then no harm is done; but keeping in view the fact that notwithstanding the failure of the Lake Shore Company, the garnishee, to answer, there may nevertheless be money in its hands earned by this debtor within the three months prior to the commencement of the action; that in the event of any such earnings being found in the hands of the company, he is entitled to have them discharged from this attachment; and keeping in view the further fact that even if by answer the garnishee should deny that there is anything in its hands belonging to the debtor, the creditor may nevertheless pursue ..the garnishee and recover judgment against him for whatever he may be able to show is in its hands, it seems to us that upon the proofs submitted in support of the motions, the order of attachment, in so far as it affects the earnings of the defendant in the action,should have been discharged.
The judgment of the court of common pleas will be reversed, and the case remanded to that court'with instructions to reverse the order and judgment of the justice of the peace denying the motion, and ordering the attachment, so far as it covers the earnings mentioned, to be discharged.